

IN THE
TENTH COURT OF APPEALS

No. 10-08-00234-CV

BRETT OIL COMPANY, CUARENTA
STAR CORPORATION, AND TWENTY
OAKS OF TEXAS, INC., DBA
TWENTY OAKS CORP.,

                                                            Appellants
 v.

FIRST SOURCE ENERGY, L.P.,

                                                            Appellee

From the 12th District Court
Leon County, Texas
Trial Court No. 0-08-236

MEMORANDUM OPINION

A temporary injunction was granted by the trial court in Leon County staying an arbitration proceeding pending in Harris County between Brett Oil Company, Cuarenta Star Corporation, and Twenty Oaks of Texas, Inc., dba Twenty Oaks Corp., and First Source Energy. An interlocutory appeal to this Court followed pursuant to Texas Civil Practice and Remedies Code § 51.014. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008). Because no evidence was presented at the temporary injunction hearing,

we find that the trial court abused its discretion in granting the temporary injunction and that the temporary injunction is declared void and order that the temporary injunction is dissolved.

*Jurisdiction*

The granting of a temporary injunction may be appealed by an interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008). In this case, the heading of the injunction is styled "Permanent Injunction;" however, the language of the order indicates that the injunction is intended to be a temporary injunction. The Texas Supreme Court has rejected the notion that the form of the order controls the nature of the order but that "the character and function of an order" determine its classification. *See Del Valle Independent School District v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). *See also Qwest Communications International v. AT&T Corp.*, 24 S.W.3d 334 (Tex. 2000).

It is apparent from the reporter's record, the briefs of both Appellants and Appellee, and the order entered that the intent was that a temporary injunction be entered. The last phrase in the order is "until further order of the court," which indicates that the order was intended to be temporary. We hold that this is a temporary injunction and is an appealable interlocutory order under § 51.014(a)(4). TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008).

*Standard of Review*

The decision to grant or deny a temporary injunction lies within the sound discretion of the trial court, and we will not disturb that decision absent a clear abuse of

discretion.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).  Because this appeal is from an interlocutory order, this Court may not consider the merits of the underlying lawsuit.  *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978).  The trial court does not abuse its discretion if some evidence reasonably supports its decision.  *Butnaru*, 84 S.W.3d at 211.

If no evidence is presented at the temporary injunction hearing, absent the parties' agreement, a writ of injunction is improper.  *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683, 686 (Tex. 1968); *Wyly v. Preservation Dallas*, 165 S.W.3d 460, 464 (Tex. App.—Dallas, 2005, no pet.).  The party applying for the injunction has the burden of production, and evidence must be adduced under standard rules of evidence**;** testimony by affidavit does not suffice, nor does a sworn petition constitute evidence.  *Millwrights*, 433 S.W.2d at 687; *Wyly*, 165 S.W.3d at 464.

### The Hearing

The district court did not hear any evidence in support of First Source Energy's application for injunctive relief but only arguments of counsel.  We are therefore compelled to conclude that there is no evidence to support the court's decision and that it abused its discretion in issuing the temporary injunction.  *Butnaru*, 84 S.W.3d at 211.

### Motion To Dismiss And Motion To Abate

Appellants also complain that the trial court did not dismiss this action as an improper use of the declaratory judgment act or alternatively that the trial court erred when it failed to abate or dismiss the case under the doctrine of dominant jurisdiction. We do not address these complaints as this is an interlocutory appeal.  These other

complaints are not statutorily authorized to be addressed in an interlocutory appeal and therefore are not properly brought before this Court.

*CONCLUSION*

Having found the trial court abused its discretion in granting the temporary injunction,[1] we declare the temporary injunction void and order that it is dissolved.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Reversed and remanded
Opinion delivered and filed June 17, 2009
 [CV06]

---

[1] The injunction is also void due to the omissions required by Texas Rules of Civil Procedure 683 and 684, which require that a temporary injunction both set a final hearing in the order and set a bond to be posted. TEX. R. CIV. PROC. 683, 684. These requirements are mandatory and their absence renders the injunction void. *Interfirst Bank San Felipe, N.A. v. Paz Construction Co., et al.*, 715 S.W.2d 640 (Tex. 1986); *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303, 308 (Tex. 1956).